LEVI WHITNEY *vs.* RICHARD WALSH.

The sentence, or decree, of a court of admiralty and maritime jurisdiction, *in rem*, is binding on all the world, as to matters which were directly in issue therein: and, therefore, where an information was filed in the district court of the United States against certain goods alleged to have been imported contrary to law, and, upon the proceedings thereon, the court adjudged and decreed, that the said goods be and remain forfeited to the United States; — it was held, that the judgment was conclusive evidence, that such goods were liable to forfeiture, not only at the time of the decree, but also at the time of their importation.

THE plaintiff, some time in April, 1845, purchased, paid for, and received, of the defendant, forty-six half and six quarter boxes of cigars, which, on the 9th of May following, were seized, by the collector of Boston, as forfeited, for having been imported into the United States contrary to law. The seizure was followed by an information, filed in the district court of the United States, on the 27th of the same May, in which it was alleged, in substance, that the cigars were brought from a foreign port into the United States, and were unladen and delivered at the port of Boston, without any license or permit therefor. Public notice was directed by the court to be given of the information, and of the time and place of trial thereon, and was given accordingly by the marshal of the district. On the 24th of June following, which was the time assigned for the trial, no person appearing to show why the cigars should not be condemned for the cause alleged in the information, it was adjudged and decreed by the court, that the cigars be and remain forfeited to the United States.

This action was brought to recover back the purchase money.

On the trial in the court of common pleas, before *Washburn*, J., the plaintiff, in order to prove that the cigars were smuggled, and liable to seizure, at the time of the sale to him, introduced the record of the proceedings in the district court, from which the facts above stated appeared; but there was no evidence that the defendant knew of the pendency

3 *

of these proceedings, further than was furnished by the
record.

The defendant contended, that the record was not conclu-
sive evidence against him, that the cigars were liable to
seizure, at the time of the sale to the plaintiff.  But the court
ruled, that " the record, if unimpeached, was conclusive evi-
dence of whatever was directly in issue and joined in that
case, and was binding on all parties who could be affected by
the decision of it, and that evidence in behalf of the defend-
ant, that the cigars were not smuggled, was not competent
to be offered."

The jury returned a verdict for the plaintiff, and the
defendant alleged exceptions to the ruling aforesaid.

*E. D. Sohier*, for the defendant.  1. It is manifest that
the record of the proceedings in the district court, according
to the principles ordinarily applicable to the effect of judg-
ments, would not be evidence against the defendant who was
not a party to it ; but, being a proceeding *in rem*, it is said
that all the world have notice and are parties, and are conse-
quently bound by the proceedings.  Conceding that the
record is admissible, the question is, to what extent is it
evidence against this defendant?  The court below held it to
be conclusive, that the cigars were forfeited before they were
sold by the defendant.  In regard to their admissibility and
effect as evidence, the judgments of foreign and domestic
courts stand upon the same footing.  2 Phillips on Insurance,
686, 721.  It is admitted that the record is conclusive evi-
dence of the fact of condemnation ; but, as to the facts
which constitute the grounds of the condemnation, those
only are conclusively proved by the record, which it dis-
tinctly sets forth.  The English decisions, with reference to
this subject, are contradictory.  In one class, the judgment is
regarded as conclusive, even as to inferences made by the
court ; in the other, only as to the grounds of the judgment.
The judgment, in this case, sets forth no ground of condem-
nation, except that no person appeared.  All the English
cases are collected in 2 Smith's Leading Cases, 446.  In one

class of these cases, the judgment is held to be conclusive only as to the grounds of it which are stated. In *Christie* v. *Secretan*, 8 T. R. 192, it was held, that the sentence of a foreign court of admiralty is only conclusive, in an action on a policy of insurance, as to the express ground of the sentence, but not as to any of the premises (noticed in the consideration part of it) that led to the adjudication. In *Dalgleish* v. *Hodgson*, 7 Bing. 495, it is laid down, that the sentence of a foreign court of admiralty is not conclusive as to the ground of condemnation, unless it be explicitly stated what the ground is. See also *Fisher* v. *Ogle*, 1 Camp. 419. This seems to be the extent to which the courts have gone in this commonwealth. In *Robinson* v. *Jones*, 8 Mass. 536, it is stated, that the sentences of foreign courts of admiralty are conclusive only when they distinctly and specifically state the causes of condemnation. See also *Bradstreet* v. *Neptune Ins. Co.* 3 Sumner, 600.

2. It is contended, further, on the authority of *The May*, 9 Cranch, 126, 144, that the record is evidence only against those persons who were or might have been parties to it; and, consequently, is not admissible at all against the defendant, who, not being notified, was not a party to the proceedings, and had no opportunity of becoming so. If the case cited does not show that the judgment in the district court was inadmissible altogether, it proves, at least, that it was not admissible to the extent relied on. The reason why, in a case of insurance, the owners are bound by a proceeding against the vessel, is because the captain is their agent.

*R. Rantoul, Jr. & D. H. Mason*, for the plaintiff. The district court being a court of exclusive jurisdiction, its judgments are conclusive, and binding on all the world, until reversed. *Gelston* v. *Hoyt*, 3 Wheat. 246, 312; *The Mary Anne*, Ware, 104. It is said that the judgment is not admissible against the defendant, who has had no notice of the proceedings; but the public notice, which is given in cases of this description, is notice to every body; and it is not pretended that there was any irregularity in the proceedings of the district court.

WILDE, J.   This was an action of assumpsit, to recover back the purchase money paid by the plaintiff to the defendant, on the purchase of certain cigars alleged to have been smuggled, and liable to seizure, at the time of the purchase.   It appeared in evidence, by a copy of the record of the district court of the United States, that the said cigars were seized, and condemned, and decreed forfeited, by said court; and it was thereupon ruled, by the presiding judge, that the record was conclusive evidence of whatever was in issue in that case, and was binding on all parties who could be affected by the decision; and that evidence to prove that the cigars were not smuggled was incompetent.   The defendant's counsel excepted to this ruling; but we are all of opinion that the exception cannot be sustained.   It is a well established principle, that the sentence or decree of a court of admiralty and maritime jurisdiction, *in rem*, is binding on all the world as to the points in issue and judgment thereon. 3 Dall. 86.   It was objected, that there was no evidence to prove that the defendant knew of the proceedings in the district court, further than was furnished by the record thereof; and no further evidence, as we think, was necessary.   Public notice was ordered, and due service made, according to law in such cases; and all persons interested are presumed to have notice of the pendency of the suit.   9 Cranch, 146; Ware, 104.   It was also objected, that although the decree of forfeiture might be conclusive evidence to prove that the cigars were liable to forfeiture at the time of the decree, or that of filing the information, yet it was no proof that they were liable to seizure at the time of the sale.   But there seems to be no foundation for this argument.   The information alleges that the cigars were imported into the United States contrary to law, and were unladen at the port of Boston without a permit, &c.   This was the sole charge upon which the cigars were condemned and declared forfeited; and as the sale and delivery were after the importation, the cigars consequently must have been liable to seizure at the time of the sale.                    *Exceptions overruled.*